·10945

### SMITH v. KEATON

#### (112 S. E. 925)

1.    MORTGAGES—DISCRETIONARY ORDERS AS TO SALE ON FORECLOSURE WILL NOT BE DISTURBED.—The setting of the date and the. terms for foreclosure sales are matters purely within the discretion of the trial court, and his orders will not be disturbed in the absence of a showing of abuse of discretion.

2.    MORTGAGES—ALLOWANCE OF ATTORNEY'S FEES IN FORECLOSURE HELD NOT ERROR.—There was no error in allowing plaintiff attorney's fees where the only effort made by defendant to avoid foreclosure was an offer to deed the premises to plaintiff for a cash payment and with the right to redeem within 12 months.

Before SEASE, J., McCormick, February, 1922. Affirmed.

Action by B. B. Smith against W. N. Keaton. Judgment for plaintiff and defendant appeals.

*Messrs. Bonham & Allen* for appellant. No citations.

*Mr. Joseph Murray,* for respondent, cites: *Attorney's fee will not be disturbed unless shocking to conscience of the Court:* · 108 S. C., 116, 108 S. C., 515, 106 S. C., 261 S. C., 201, 94 S. C., 387.

July 5, 1922.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Action by plaintiff as assignee for the foreclosure of a mortgage executed by defendant to People's Bank of McCormick to secure a note dated January 30, 1919, due January 10, 1920, for $3,767.55, interest after maturity at 8 per cent., and 10 per cent. attorney's fees. The note

and mortgage were assigned to the plaintiff on March 10, 1920, at which time there was due $3,817.78, the plaintiff agreeing to carry the loan to March 19, 1921. Upon the latter date the defendant paid $200 (less than the interest) and was allowed further indulgence, apparently indefinite. The residence on the premises was destroyed by fire in August, 1921, and the insurance, $2,000, paid upon the mortgage debt, leaving at that time due $2,080.12.

The action to foreclose the mortgage was commenced October 25, 1921. The defendant, answering, admitted the principal allegations of the complaint, which was in the usual form, but contended that on account of the stringent condition of financial affairs in the country the sale should not be ordered before the Fall of 1922, and that, as he had offered to make a deed of trust to the plaintiff in order to save foreclosure, he should not be required to pay attorney's fees.

The case was referred to a special Master, who reported in favor of the plaintiff. Exceptions were taken to his report, and the matter came on to be heard by Circuit Judge Sease in the early part of 1922. He confirmed the Master's report and ordered the sale for salesday in March, 1922, for cash, allowing plaintiff's attorney $200 as attorney's fee. The defendant has appealed. It does not appear in the record for appeal whether the sale has been made or not.

The exceptions assign error in ordering the sale to be made for cash and in March instead of in the Fall of 1922. These are matters purely within the discretion of the Circuit Judge, and his administrative orders of this character will not be disturbed in the absence of any showing of abuse of discretion.

The defendant also assigns error in allowing a fee of $200 to plaintiff's attorney, upon the ground that the defendant made every reasonable effort to avoid foreclosure. The only effort the defendant appears to

have made was to offer to deed the premises to Smith if Smith would pay him $500 (reduced to $300) and allow him to redeem in 12 months. Smith was under no obligation to accept such a proposition. Upon his refusal he instituted this action, and has been met through its stages with obstinate resistance by the defendant.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.